# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

EDEN FOODS, INC.,

        Defendant.

_____/

Civil Action No.:
Honorable:

COMPLAINT AND JURY
TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Julie Yeiter ("Yeiter") and other similarly aggrieved female employees who were affected by such unlawful practices. As alleged with greater particularity in paragraph 12 below,

1

the EEOC alleges that Defendant, Eden Foods, Inc. ("Defendant"), violated Title VII by creating and maintaining a sexually hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("the Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all times, Defendant has continuously been a company

incorporated under the laws of the State of Michigan, doing business in the village of Clinton, Michigan, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this lawsuit, Yeiter filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On September 30, 2021, the Commission issued to Defendant a Letter of Determination regarding Yeiter's charge, found reasonable cause that Title VII was violated, and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the

discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to Yeiter's charge of discrimination.

10. On February 7, 2022, the Commission issued a Notice of Failure of Conciliation to Defendant.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

## TITLE VII

12. Since at least January of 2017, Defendant has engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2 (a)(1). These unlawful employment practices include, but are not limited to the following:

    a. Defendant has engaged in sex discrimination against Yeiter and other female employees at its Clinton, Michigan, headquarters by subjecting them to severe or pervasive sexual harassment, thus creating and maintaining a hostile work environment because of their sex;

4

  b. At all relevant times, Michael Potter ("Potter") has been Defendant's majority owner, president and chief executive officer;

  c. Since at least January of 2017, Potter has routinely touched and invaded the personal space of female employees. The touching was unwelcome and included contact with the backs, buttocks, shoulders, legs, faces and heads of female employees. In some instances, Potter touched the legs of female employees for hours at a time under desks or tables while sitting next to them. Potter's repeated invasion of personal space included sitting right next to or leaning over female employees, within inches of them or repeatedly brushing up against them, for up to hours at a time.

  d. Since at least January of 2017, Potter has kissed multiple female employees on the face or head. The kisses were unwelcome.

  e. Since at least January of 2017, Potter has regularly and inappropriately interjected sexual language and behavior into the workplace. This included referring to women as "cunts" and "bitches", using the phrase "a cunt's hair" as a unit of measurement,

5

telling female employees he would "see you next Tuesday" as a reference to "cunt", telling female employees he "just pulled a boner", referring to female employees by pet names, and trying to use sexual phrases and innuendos in marketing materials (including "gotta get it", "get it now", "how much do you want it", "afternoon delight", "had relations with", "that's a hand-job").

      f.    Throughout the course of her employment, Yeiter was regularly subjected to unwelcome touching and personal space invasion by Potter.

      g.    Throughout the course of her employment, Yeiter was subjected to the unwelcome sexual language and behavior as described in subparagraph (c) above.

      h.    Throughout the course of her employment, Yeiter was forced to observe female employees whom she supervised endure the unwanted touching, space invasion, behavior, and language identified in subparagraphs (c) through (e).

      i.    Yeiter attempted to work with Defendant's human resources representative to oppose Potter's behavior. In response to such opposition, Potter laughed and told the HR representative that

"all these girls want me."

  j. Potter's behavior created a sexually hostile work environment and interfered with Yeiter and similarly aggrieved female employees' ability to do their jobs.

  k. Potter subjected at least two other similarly aggrieved female employees to repeated unwanted touching, invasion of personal space and sexual language and behavior described in subparagraphs (c) through (e) above.

  l. Potter inappropriately touched every female who held the social media coordinator position since 2017.

  m. Potter's behavior was so pervasive and created such a hostile and toxic environment that female employees used a code word to warn each other when Potter approached. They would say the code word and everyone would be on alert to try and move or hide to not be stuck alone with or next to Potter.

  n. Potter's behavior as described above resulted in the constructive discharge of at least one female employee.

13. The effect of the practices complained of above has been to deprive Yeiter and other female employees of equal employment

opportunities and otherwise adversely effects their status as employees because of their sex.

14. The unlawful employment practices complained of above were and are intentional.

15. The unlawful employment practices complained of above were and are done with reckless indifference to the federally protected rights of Yeiter and other female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment;

B. ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices;

C. ORDER Defendant Employer to make whole Yeiter and other similarly aggrieved women by providing compensation for past

and future pecuniary losses resulting from the unlawful practices described in paragraph 12 above, in amounts to be determined at trial;

  D. ORDER Defendant Employer to make whole Yeiter and other similarly aggrieved women by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 12, above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  E. ORDER Defendant Employer to pay Yeiter and other similarly aggrieved women punitive damages for its malicious and reckless conduct described in paragraph 12 above, in amounts to be proven at trial;

  F. ORDER Defendant employer to make similarly situated women whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  G. GRANT such further relief as the Court deems necessary

and proper in the public interest.

    H.    AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

\_\_\_\_\_/s/ Miles L. Uhlar_____
MILES L. UHLAR (P65008)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 774-0015

April 25, 2022