UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,                                     Civil Action No. 22-CV-10881

JULIE YEITER                                HON. BERNARD A. FRIEDMAN

      Plaintiff-Intervenor,

vs.

EDEN FOODS, INC., et al.,

      Defendants.
_____/

## OPINION AND ORDER GRANTING JULIE YEITER'S MOTION TO INTERVENE

This matter is presently before the Court on Julie Yeiter's motion to intervene as of right.  (ECF No. 3).  This Title VII sex discrimination case was initiated by the Equal Employment Opportunity Commission ("EEOC") on April 25, 2022.  In the complaint, the EEOC alleges that Yeiter and other females employed by defendant Eden Foods, Inc. were victims of gender-based discrimination and a sexually hostile work environment.  (ECF No. 1, PageID.4; ECF No. 3, PageID.14).

Pursuant to Fed. R. Civ. P. 24(a):

On a timely motion, the court must permit anyone to intervene who:
(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Here, Yeiter filed her motion to intervene just one day after this action was initiated.

In the motion, she contends that the EEOC, as the existing party, may not adequately represent her interests in this case, as "the EEOC must primarily be concerned with the public interest," which "may not, necessarily, be identical" to her own interests.  (ECF No. 3, PageID.14).  Yeiter also notes that she wishes to pursue claims under federal and state law against defendant Eden Foods as well as Eden Foods' owner, president, and CEO, Michael Potter, but that "the EEOC does not have jurisdiction to pursue state law claims or claims against Mr. Potter individually."  (*Id.*, PageID.14-15).  Moreover, when, as in the present case, the EEOC files a civil action regarding unlawful employment practices, "[t]he person or persons aggrieved shall have the right to intervene."  42 U.S.C. § 2000e-5(f)(1).  For cause shown and because the motion was timely filed,

IT IS ORDERED that Julie Yeiter's motion to intervene (ECF No. 3) is granted.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  April 27, 2022
        Detroit, Michigan

2